**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 21-cv-00106-RM-NRN

KIMBERLY S. GRAYDEN f/k/a Kimberly S. Pitman,

      Plaintiff,

v.

SPRING CREEK ENERGY PARTNERS, LLC, a Colorado limited liability company, and
JASON L. EDDINGTON, individually,

      Defendants.

---

**ORDER**

---

Before the Court is Defendants' Motion for Attorney Fees (ECF No. 110), seeking an award pursuant to Colo. Rev. Stat. § 13-17-102. The Motion has been fully briefed (ECF Nos. 115, 118), and it is denied for the reasons below.

Section 102(4) requires that a court "shall assess attorney fees if . . . it finds that any attorney or party brought or defended an action, or any part thereof, that lacked substantial justification," "or the action, or any part thereof, was interposed for delay or harassment," or "an attorney or party unnecessarily expanded the proceeding by other improper conduct." "As used in this article, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious." *Id.* However, "simply because a claim lacks merit does not mean that it was frivolous, groundless, or vexatious under section 13-17-102(4)." *Munoz v. Measner*, 247 P.3d 1031, 1035 (Colo. 2011).

Here, after Plaintiff agreed to sell certain overriding royalty interests she owned, she filed a lawsuit alleging that she did not realize at the time that she was assigning interests in producing wells and that she never would have agreed to sell her interests had she known the wells were producing.  In her Second Amended Complaint, she asserted claims for fraudulent concealment, unjust enrichment, unilateral mistake, and civil theft.

At the summary judgment stage, the magistrate judge recommended dismissing the unjust enrichment claim but allowing the other claims to proceed because the claims hinged on whether, in the course the negotiations pertaining to the sale, Defendants made misleading statements to Plaintiff and, if so, whether Plaintiff's reliance on such statements was justified. However, Defendants subsequently produced county records which placed the case in a different posture than it was in when the Recommendation issued.  After allowing supplemental briefing regarding the records, the Court agreed with Defendants that the records placed Plaintiff on constructive notice that the wells at issue were producing.  Therefore, any reliance by Plaintiff on Defendants' alleged statements could not be justified, and Defendants were entitled to summary judgment.

Defendants now contend that the entire lawsuit was frivolous and groundless because Plaintiff was continuously on constructive notice of records affecting her property, not only when she sold her interests, but also when she filed her lawsuit.  (ECF No. 110 at 3.)  However, courts in this district have routinely found the safe-harbor provision in Fed. R. Civ. P. 11 to be in direct conflict with § 102 and concluded that the former preempts the latter.  *See, e.g.*, *Dowling v. Gen. Motors LLC*, 333 F.R.D. 534, 542 (D. Colo. 2019); *Hach Co. v. In-Situ, Inc.*, No. 13-cv-02201, 2016 WL 9725767, at *11 (D. Colo. Nov. 22, 2016) (unpublished).

Moreover, the Court finds Plaintiff presented rational and factual arguments in support of her claims—at least when she filed suit and was apparently unaware of the public records that entitled Defendants to summary judgment.  And at the summary judgment stage, the magistrate judge agreed that genuine issues of material fact existed with respect to three of her claims. "Where rational minds can disagree, . . . a party's claims to pursue a creative, but ultimately wrong, legal theory to protect its significant rights are not substantially frivolous, groundless, or vexatious." *Cherokee Metro. Dist. v. Upper Black Squirrel Creek Designated Ground Water Mgmt. Dist.*, 247 P.3d 567, 576 (Colo. 2011).  In short, the Court finds Defendants have not established that Plaintiffs' claims lacked substantial justification.

Accordingly, Defendants' Motion (ECF No. 110) is DENIED.

DATED this 7th day of October, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge